Robert S. Clark (#4015)
Chad S. Pehrson (#12622)
Steven R. Glauser (#15607)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, UT  84111
Telephone: (801) 532-7840
rclark@parrbrown.com
cpehrson@parrbrown.com
sglauser@parrbrown.com

*Attorneys for Plaintiff ProLung, Inc.*

---

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PROLUNG, INC.<br><br>      Plaintiff,<br><br>v.<br><br>STEVEN C. EROR,<br>TODD MORGAN,<br>MICHAEL CHRISTENSEN,<br>WEILD & CO. LLC,<br>UNITED SHAREHOLDERS OF<br>PROLUNG,<br>And JOHN DOES 1-250,<br><br>      Defendants. | **COMPLAINT**<br><br><br>Case No.  2:18-cv-00613-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff ProLung, Inc. ("ProLung" or the "Company"), through its undersigned counsel, alleges as follows:

### I.  SUMMARY OF ACTION

1.  This action arises from unlawful proxy solicitations by a group that includes the disgruntled former CEO of ProLung, Steven C. Eror.  On June 26, 2018, ProLung terminated

Mr. Eror's employment for cause after an investigation determined that Mr. Eror had misappropriated company funds, refused to cede control of administrator passwords (giving him full access and control) of key ProLung systems notwithstanding a demand from the independent directors and Audit Committee, and failed to provide appropriate expense reports with respect to hundreds of transactions using Company funds. Mr. Eror's refusal to cede control of administrator passwords hindered the Company's ability to establish required accounting and other internal controls; furthermore, these passwords were needed, in part, to investigate Mr. Eror's use of security cameras placed at the instruction of Mr. Eror throughout the office, including hidden in the HVAC vent above a female employee. Mr. Eror did not provide the passwords and other codes even though the Company demanded them many times; in fact Mr. Eror still not provided these passwords despite a formal Board resolution that he provide them. The Company's independent directors were also concerned about a number of additional matters related to the personal integrity of Mr. Eror, his troubling treatment of female employees and his lack of effectiveness as a leader.

2.  Mr. Eror and his co-defendants are now seeking to persuade shareholders to remove the directors who caused his discharge; these communications to shareholders contain false and misleading statements and have been made without the requisite disclosures required by the federal securities laws.

3.  ProLung's common stock is registered under Section 12(g) of the Exchange Act. As such, federal securities laws applicable to securities registered under Section 12 of the Exchange Act are applicable to ProLung.

4.   ProLung brings this action for injunctive and declaratory relief to protect its shareholders from Defendants' efforts to obtain control of the Company by soliciting consents from shareholders without complying with the federal securities laws.  Defendants have failed to timely and properly disclose their formation as a group of shareholders, the identities and backgrounds of the group's members, the contracts, arrangements or understandings of its members with respect to the Company, its plans to change or influence control of the Company, and its solicitation for shareholders to replace the Company's board of directors and management, all in contravention of the requirements imposed by Sections 13(d), 14(a) and 16 of the Securities Exchange Act of 1934 ("Exchange Act") and the rules and regulations promulgated thereunder.

5.   Specifically, Defendants recently delivered to shareholders consent solicitations to remove ProLung's current directors and replace them with Defendants' own slate of director nominees; however, Defendants' communications to shareholders have not complied with the United States securities laws, including the requirement that any consent solicitations be preceded by a proxy statement that contains the information required by Schedule 14A that has been filed with the Securities and Exchange Commission. ProLung seeks prompt corrective action so that its shareholders are properly informed about Defendants' shareholder group, the relationship among them, their intent in forming a group and soliciting the consents of shareholders, and full and accurate disclosure of material information.

6.   As set forth below, Defendants' violations are flagrant, reflecting an indifference to the requirements of the United States securities laws.  Furthermore, Defendants' communications to

shareholders contain materially false and misleading statements and omissions in violation of various provisions of the Exchange Act.

7.   Sections 13(d) and 14(a) were enacted to protect investors in U.S. securities markets by providing a level playing field for battles over corporate control. Section 13(d) requires that any person or group of persons beneficially owning more than five percent of any registered class of equity security must disclose to the issuer, the Securities and Exchange Commission ("SEC"), and the exchanges on which the stock is traded certain information, including, among other things, their identity, interest in the issuer, and plans or proposals, within 10 days of acquiring such an interest or forming such a group. Section 13(d) disclosures are vital to ensuring that investors have accurate and timely knowledge.

8.   Similarly, Section 14(a) and the rules promulgated thereunder require that any solicitation of a proxy or written consent be preceded by the filing and delivery of a disclosure document in the form of a Schedule 14A filing, and prohibit any person from soliciting proxies on the basis of false and misleading information. In corporate governance scenarios where groups such as defendants act without making proper and accurate Sections 13(d) and 14(a) disclosures, companies and their shareholders are vulnerable to changes in corporate control arising from undisclosed agreements among shareholders with a large block of shares or misleading information about the soliciting group or their nominees. Such undisclosed agreements potentially enable certain shareholders to take control of a company without warning, to the distinct disadvantage of other uninformed shareholders.  Moreover, shareholders advocating for change often have financial incentives that need to be disclosed, including incentives that may present conflicts of interests with other shareholders. Finally, shareholders have the right to

receive information about nominees for director, including any prior transactions with the target company, any financial interest that may arise as a result of the nomination, the nominees' prior convictions, adverse regulatory orders, bankruptcies and other matters. Sections 13(d) and 14(a)'s disclosure requirements aim to protect shareholders who are not part of the group by requiring the group to disclose information sufficient to allow other shareholders to fairly evaluate the group's plans and motivations, when making investment and voting decisions.

9.   In flagrant violations of these securities laws, Defendants failed to make any Schedule 13D or Schedule 14A filings whatsoever in connection with their attempts to obtain shareholder support for removing all current Company directors and installing a new board of directors. Furthermore, in communications directly to shareholders, Defendants presented false and misleading information, and also omitted and failed to disclose material information about their director nominees.  Notwithstanding the straightforward laws requiring them to file disclosures based on their solicitation efforts, Defendants have not done so.

10. In addition, Defendants have infringed and are infringing ProLung's trademark rights in a manner that is likely to make shareholders believe Defendants' commercial activities are authorized, endorsed, or sponsored by the Company, or that Defendants are in some way affiliated with or sponsored by the Company.  Therefore, this action also alleges infringement of ProLung's federally-registered trademark, Reg. No. 4433446 for PROLUNG, under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and further alleges unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from the Defendants' unauthorized commercial use of the PROLUNG trademark.

11. Pursuant to these claims, ProLung primarily seeks injunctive relief to halt and prevent the recurrence of ongoing, intentional violations of the federal securities laws and trademark laws in connection with Defendants' campaign to solicit shareholders' consents. ProLung requests that Defendants and all those acting in concert with them be required to make the appropriate filings with the SEC, correct prior misstatements and omissions, and be enjoined from making additional misstatements and omissions. If left uncorrected, Defendants' misstatements and omissions will deprive ProLung's shareholders the opportunity to make decisions on the future of their Company based on full and accurate information. ProLung seeks appropriate monetary relief, including its costs and fees incurred in bringing this action.

## II. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to Section 27 of the Exchange Act, as amended, 15 U.S.C. §§ 78aa, 78(m)(d)(3), 78(n)(a); 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331. Section 27 of the Exchange Act, 15 U.S.C. § 78aa, confers exclusive jurisdiction upon the federal courts for "all suits in equity and actions at law" to enforce any liability or duty under the Exchange Act. Section 27 further provides that any such suit or action may be brought in any district in which "any act or transaction constituting the violation occurred." The acts and transactions constituting the violations alleged herein have taken place in this District, by virtue of ProLung's office in Salt Lake City, and each of Defendants' contacts with ProLung.

13. Venue is proper in this District pursuant to 15 U.S.C. § 78aa and 28 U.S.C. §§ 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this district and that the Company that is the subject of the action is situated in this district.

14. Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201 because an actual controversy exists regarding the propriety of Defendants' compliance with Sections 13(d) and 14(a) of the Exchange Act.

### III.  THE PARTIES

15. ProLung is a Delaware corporation with its principal place of business at 757 East South Temple, Suite 150, Salt Lake City, Utah 84102.

16. ProLung is a medical technology company focused on the development of precision predictive analytical medical devices to assess the risk of lung cancer.

17. Defendant Steven C. Eror is a shareholder of ProLung and the former CEO and a former Director of ProLung.  Mr. Eror is a proposed replacement director in Defendants' shareholder communications.  Mr. Eror is a resident of Utah and is subject to the jurisdiction of this Court.

18. Defendant Todd Morgan is a shareholder of ProLung, and a former director at ProLung. Mr. Morgan resigned as director on or about June 27, 2018.  Mr. Morgan is a proposed replacement director in Defendants' shareholder communications.  By virtue of his activities as alleged herein, including his purposeful contacts with ProLung, Mr. Morgan is subject to the jurisdiction of this Court.  Furthermore, Mr. Morgan is a resident of Utah.

19. Defendant Weild and Co. is a New York Limited Liability Company which has performed broker services on behalf of the Company.  Weild and Co., through its employees and agents, including Mr. Christiansen, are actively soliciting proxies of ProLung shareholders and disclosing nonpublic information regarding ProLung.  Weild and Co. does business in Utah, and furthermore by virtue of its activities as alleged herein, including its purposeful contacts with ProLung, Weild and Co. is subject to the jurisdiction of this Court.

20. Defendant Michael Christiansen is Managing Director, Chief Financial Officer and Treasurer of Weild & Co. Mr. Christiansen is a proposed replacement director in Defendants' shareholder communications. By virtue of his activities as alleged herein, including his purposeful contacts with ProLung, Mr. Christiansen is subject to the jurisdiction of this Court.

21. Defendant United Shareholders of ProLung appears to be an unincorporated entity of unknown citizenship, with a stated address of PO Box 58027, Salt Lake City, Utah 84158. On information and belief, the individual Defendants (and others) formed this entity and are acting in concert for the purpose of engaging in the unlawful activities described herein. The identity of all members of United Shareholders of ProLung is not known, but the entity or association is responsible, along with the other Defendants, for communications to shareholders which are the subject of this Complaint. While the solicitation proposes that additional individuals should be chosen as replacement directors, the true role of those not named herein as defendants is unknown, including whether each is actually a part of United Shareholders of ProLung or is aware of the unlawful activity of the group. Should facts become known that demonstrate responsibility on the part of those or other individuals, additional defendants will be identified through appropriate processes. By virtue of its activities as alleged herein, including its purposeful contacts with ProLung, United Shareholders of ProLung is subject to the jurisdiction of this Court.

22. John Does 1-250 designate additional unknown and/or unnamed members of the group responsible for the investor solicitations described herein and have not been identified in any Schedule 13D or Schedule 14A disclosure, because no such disclosures exist.

## IV. FACTUAL ALLEGATIONS REGARDING DEFENDANTS' SOLICITATION MATERIALS

23. On or about July 17, 2018, Defendants delivered a letter to "Shareholders of ProLung" ("July 17 Shareholder Letter"). The letter is attached hereto as Exhibit A. The July 17 Shareholder Letter, a formalization of previous efforts by Defendants to influence ProLung shareholders, stated that it was a request "for your shareholder vote to expand the number of directors and elect a new Board of Directors for Pro Lung, Inc."

24. The July 17 Shareholder Letter requested the shareholders' "immediate attention."

25. The July 17 Shareholder Letter directed that shareholders forward signed consents to "prolunginc@yahoo.com."

26. The July 17 Shareholder Letter stated: "If you have any questions, for example, if you need to verify the number of shares you own, please email your questions to prolunginc@yahoo.com and we will respond immediately."

27. The July 17 Shareholder Letter purported to include "backgrounds on the eight proposed Board Members."

28. The July 17 Letter included a document entitled "WRITTEN RESOLUTIONS OF SHAREHOLDERS OF PROLUNG, INC. HOLDING MORE THAN 50% OF ITS OUTSTANDING SHARES REGARDING APPOINTMENT OF A NEW BOARD OF DIRECTORS, EFFECTIVE IMMEDIATELY." This document presented approval of "Special Resolutions regarding the appointment of new directors of ProLung, Inc. as set forth below, without a meeting, without prior notice, and without a vote of all shareholders entitled to vote."

29. The "Written Resolutions" document stated: "Special Resolution 1: The current Board of Directors of ProLung, Inc., comprised of Scott Nixon, Bob Raybould, Mike Garff and Mark

Anderson, shall hereby be removed. A new Board of Directors of Prolung, Inc., comprised of eight (8) directors, each of whom will be of one class of directors, are approved and appointed by a vote of shareholders holding a majority of the outstanding shares of the Company."

30. The "Written Resolutions" document stated: "Special Resolution 2: Appointment of Todd Morgan, Eric Sokol, Michael Christiansen, Steven Eror, Richard Serbin, Brian Loveridge, Ron Dunford, and Don Patterson, each as a Class I Director, with terms expiring in 2019."

31. The July 17 Shareholder Letter stated: "Once given, your vote for these Special Resolutions may not be revoked."

### V. DEFENDANTS' MATERIAL MISSTATEMENTS AND OMISSIONS IN PROXY SOLICITATION MATERIALS, AND FAILURES TO MAKE REQUIRED FILINGS AND DISCLOSURES.

32. Pursuant to Section 14(a) and its associated regulations, any person or shareholder group wishing to conduct a proxy solicitation for shareholder votes must comply with the disclosure requirements mandated by the SEC in its Rules 14a-1 through 14a-15, 17 C.F.R. §§ 240.14a-1 to 14a-15. These requirements protect the interests of shareholders by assuring full and accurate disclosure of material facts regarding the proposals for shareholder vote. To comply with these rules, among other things, all proxy solicitation materials must be filed with the SEC and must comply with the Exchange Act's anti-fraud provisions, 15 U.S.C. § 78n(a) and Rule 14a-9, 17 C.F.R. § 240.14a-9.

33. Pursuant to Section 13(d) and its associated regulations, persons having beneficial ownership of more than five percent of the equity securities of any publicly traded company must file disclosures with the SEC on a Schedule 13D setting forth their identity and background, any plans or intentions with respect to the issuer, whether the party has any been enjoined or found to

have violated any federal or state security laws, as well as any agreements, understandings or arrangements they have among themselves or with others concerning the issuer's securities.

34. Section 14(a) and Section 13(d) facilitate the alerting of the marketplace of aggregations of securities that could indicate a potential shift in corporate control, and mandating that investors receive accurate information needed make informed decisions.

35. Defendants' failure to comply with these provisions has thwarted the purpose of Sections 14(a) and 13(d) and deprived ProLung's public investors of these protections.

36. Furthermore, Defendants' solicitation materials to shareholders contain material misstatements and omissions, as detailed herein.

### V.A. *Defendants' Communications to Shareholders Suggest that Defendants Are the Company, Represent the Company, or are Affiliated with the Company.*

37. In the July 17 Shareholder Letter, Defendants repeatedly encourage shareholders to contact them at the email address "prolunginc@yahoo.com." Defendants' use of this email address, and ProLung's PROLUNG mark within it, constitutes trademark infringement, unfair competition, and a misrepresentation intended to and with the likely effect of deceiving consumers as to the origin, source, sponsorship, or affiliation of the writers of the July 17 Shareholder Letter.

38. Defendants invited shareholders to contact *Defendants* to verify the number of shares of ProLung that the shareholders owned. It is unclear how Defendants would be in a position to supply this information, but again this representation appears designed to deceive consumers into thinking that the source of the July 17 Shareholder Letter is actually ProLung, rather than a group of aggrieved shareholders.

39. Thus the July 17 Shareholder Letter creates the material misimpression that Defendants are ProLung, represent ProLung, or are affiliated with ProLung.

**V.B.** ***Defendants Present Misleading Information about Defendants' Director Nominees, Including Omitting the Fact that Nominee Mr. Eror Was Recently Terminated as CEO of ProLung.***

40. The July 17 Shareholder Letter presents misleading information about Defendants' chosen nominees to replace ProLung's directors. For instance, the July 17 Shareholder Letter promotes Mr. Eror as a replacement director, including by stating that Mr. Eror "is ProLung's founder, and became Chief Executive Officer, President and Director of ProLung, Inc. in February 2005."

41. While it promotes Mr. Eror's experience with ProLung as putative qualification for becoming a director, the July 17 Shareholder Letter fails to state the following associated relevant, material facts regarding Mr. Eror's experience with ProLung:

a. On June 26, 2018, the Board of Directors of ProLung terminated the employment of Steven C. Eror, Chief Executive Officer. This termination was for cause and thus Mr. Eror was not entitled to any severance in connection with the termination of his employment.

b. The Board concluded that Mr. Eror had misappropriated funds from the Company through improper cash withdrawals, wire transfers, use of debit cards, receipt of advances or reimbursements and use of Company resources for personal purposes.

c. The Board concluded that Mr. Eror had failed to provide expense reports that are complete, accurate and accompanied by receipts and other normal and customary documentation with respect to hundreds of transactions representing hundreds of thousands of dollars of Company

expense, which failure represents misappropriation and willful misconduct continuing more than 30 days following notice and an opportunity to cure.

d.  The Board further found that Mr. Eror failed to provide to the Chief Financial Officer with administrative passwords with respect to key Company systems (such as accounts related to security cameras, cell phones, Google, email and banking) notwithstanding an initial demand by the independent directors on May 7, 2018 and additional requests, including an express demand in a letter from counsel on June 19, 2018, which failure has obstructed the ability of the Audit Committee to complete aspects of its investigation and which is inconsistent with proper internal controls and functioning of the Company.

e.  The Board further found relevant to the termination of Mr. Eror's employment that he had placed or directed to be placed a security camera hidden in an HVAC vent within an office at the headquarters of the Company that is currently occupied by a female employee, together with the alleged use of that or another Company camera to tape conversations between directors and potentially to monitor employees.

f.  The Board concluded that Mr. Eror engaged in transactions involving a conflict of interest without notifying and seeking approval of the Audit Committee; and

g.  The Board concluded that Mr. Eror was involved in the mistreatment of employees in various ways, including by acting in a harassing, controlling, verbally abusive, vindictive and demeaning manner, often in the presence of other employees. These actions by Mr. Eror intimidated and frightened employees.  Employees described Mr. Eror using the following terms: volatile, unstable, unpredictable, abusive, secretive, very controlling, paranoid, belittling, intimidating, derisive, and berating (in volume, tone, language).  Employees also reported inappropriate

comments of a sexual nature as well as unsolicited touching. For all these reasons, the Board determined that Mr. Eror's continuing presence in the workplace was untenable.

42. In addition to failing to provide material information regarding Mr. Eror, Defendants failed to provide other material information about other director nominees. For instance, the July 17 Shareholder Letter fails to state that Mr. Morgan, a proposed candidate for Defendants' new slate of directors, resigned as director of ProLung on or about June 27, 2018.

43. ProLung's shareholders are entitled to know about the track record of Defendants' nominees with respect to their prior roles in the corporate governance of ProLung.

44. Additionally, Defendants did not disclose in their July 17 Shareholder Letter what monetary arrangements or understandings with respect to future service they had with the proposed directors or whether Weild & Co., whose CFO is a nominee, would be engaged to raise capital on behalf of ProLung if Defendants are successful.

45. Furthermore, Defendants did not disclose in their July 17 Shareholder Letter that they as a group may have access to non-public company information from Mr. Eror who, prior to being terminated for cause from ProLung and joining Defendants' slate of replacement director nominees, was involved in almost all aspects of ProLung's operations and had access to Company trade secrets and other confidential and proprietary information.

### V.C. *Defendants Fail to Disclose Motive For Consent Solicitation.*

46. The July 17 Shareholder Letter also is materially misleading because it fails to disclose Defendants' underlying motive for undertaking the consent solicitation.

47. Upon information and belief, the July 17 Shareholder Letter appears to be organized by Mr. Eror as retaliation for his termination for cause by the Company.

48. Upon information and belief, Defendants' underlying and ulterior motive for the consent solicitation is to install a slate of directors who will agree to re-hiring Mr. Eror as CEO and/or a Director.

49. The July 17 Shareholder Letter thus creates a material misimpression as to the true purposes for the consent solicitation.

### V.D. *Defendants Failed to Make the Requisite Schedule 13D Filings.*

50. Defendants as a group hold in excess of 5% of the shares of ProLung.

51. Defendants are collaborating with one another in proxy battles against the Company and thus are required by the Exchange Act to make public disclosures. Despite these express requirements, Defendants have made no Schedule 13D filing whatsoever.

### VI. IN COMMUNICATIONS TO SHAREHOLDERS, DEFENDANTS COMMIT TRADEMARK INFRINGEMENT AND SEEK TO CONFUSE SHAREHOLDERS INTO THINKING THAT THE LETTER COMES FROM OR IS AFFILIATED WITH THE COMPANY.

52. Without ProLung's authorization, Defendants have adopted and began using a mark identical to ProLung's PROLUNG Mark, specifically in communications to ProLung shareholders and by setting up and using in commerce the email address "prolunginc@yahoo.com." In particular, in the July 17 Shareholder Letter, Defendants invite shareholders to email them at "prolunginc@yahoo.com," or to inquire to "prolunginc@yahoo.com" about the number of shares they own. This use of ProLung's trademark constitutes trademark infringement, unfair competition, and intentional efforts to deceive and confuse shareholders.

53. ProLung is the owner of valid and subsisting United States Trademark Registration No. 443446 on the Principal Register in the United States Patent and Trademark Office for the

trademark PROLUNG ("PROLUNG Mark") for Diagnostic preparations for clinical or medical use. ProLung's United States Trademark Registration No. 443446 was issued by the United States Patent and Trademark Office on November 12, 2013.

54. ProLung has used the PROLUNG Mark in commerce throughout the United States continuously since August 1, 2012.

55. As a result of its widespread, continuous and exclusive use of the PROLUNG Mark to identify its goods and ProLung as their source, ProLung owns valid and subsisting federal statutory and common law rights to the PROLUNG Mark.

56. ProLung's PROLUNG Mark is distinctive to both the consuming public and ProLung's trade.

57. As a result of ProLung's expenditures and efforts, the PROLUNG Mark has come to signify the high quality of the goods designated by the PROLUNG Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to ProLung.

58. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' commercial activities and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' commercial activities originate from, are associated or affiliated with, or otherwise authorized by ProLung.

59. Upon information and belief, Defendants' acts are willful with the deliberate intent to deceive letter recipients into thinking that Defendants' correspondence comes from ProLung, or in other words, cause confusion and deception.

60. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to ProLung and to its valuable reputation and goodwill with the consuming public for which ProLung has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**(Violations of Section 13(d) of the Exchange Act against all Defendants)**

61. ProLung repeats and realleges each and every allegation set forth in paragraphs 1 through 60 as if fully set forth herein.

62. Defendants collectively own in excess of five percent of the outstanding shares of ProLung.

63. Defendants were required to make a Schedule 13D filings setting forth various disclosures, including (a) the group of persons and entities acting together for the purpose of acquiring, holding, voting or disposing of ProLung stock; and (b) the terms and nature of the relationship between the group of persons and entities acting together for the purpose of acquiring, holding, voting or disposing of ProLung stock.

64. In violation of Section 13(d) of the Exchange Act, SEC Rule 13d-1 and SEC Rule 13d-5, Defendants have not disclosed the identity and the nature of their relationship with the group of persons and entities with whom they are acting together for the purpose of acquiring, holding, voting or disposing of ProLung stock.

65. Defendants' violations of these securities laws have deprived and will continue to deprive ProLung's shareholders of the full and accurate information to which they are entitled and both ProLung and its shareholders will be irreparably harmed.

66. Accordingly, ProLung is entitled to (a) a declaration that Defendants have violated Section 13(d) of the Exchange Act, SEC Rule 13d-1 and SEC Rule 13d-5; (b) an order requiring Defendants to correct by public means their failures to comply with Section 13(d) of the Exchange

Act, SEC Rule 13d-1 and SEC Rule 13d-5; and (c) a permanent injunction preventing Defendants from making any misstatements or omissions in connection with, or otherwise related to, any forthcoming Schedule 13D filings.

67. ProLung has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Violations of Section 14(a) of the Exchange Act against all Defendants)

68. ProLung repeats and realleges each and every allegation set forth in paragraphs 1 through 67 as if fully set forth herein.

69. Defendants have been and continue to be engaged in a proxy solicitation governed by Section 14(a) of the Exchange Act.

70. As described above, Defendants in their July 17 Shareholder Letter made numerous misleading misstatements and omissions of material facts in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9.

71. The materially misleading misstatements and omissions in Defendants' July 17 Shareholder Letter were made with at least the negligent state of mind required under Section 14(a) of the Exchange Act and SEC Rule 14a-9.

72. If left uncorrected, the materially misleading misstatements and omissions in Defendants' July 17 Shareholder Letter will deprive ProLung's shareholders the opportunity to make decisions on the future of their Company based on the full and accurate information to which they are entitled, and both ProLung and its shareholders will be irreparably harmed.

73. Accordingly, ProLung is entitled to (a) a declaration that the July 17 Shareholder Letter violates Section 14(a) of the Exchange Act and SEC Rules 14a-3, 14a-6, and 14a-9; (b) an order

requiring Defendants to correct by public means the misleading misstatements and omissions in the July 17 Shareholder Letter and enjoining Defendants and other persons or entities acting in concert with them from exercising any rights as ProLung stockholders, including their rights to vote or submit shareholder consents and declaring consents void, until Defendants correct by public means their material misstatements and omissions; (c) an order enjoining Defendants from taking any action based on any consents that they may have obtained, or may obtain, pursuant to their ongoing consent solicitation; (d) an order invalidating and declaring void any consents that Defendants may have obtained, or may obtain, pursuant to their ongoing consent solicitation; (e) an order enjoining Defendants from soliciting shareholder consents until 60 days after Defendants correct by public means their material misstatements and omissions in the Solicitation Materials; and (f) a permanent injunction preventing Defendants from making any additional misstatements or omissions in connection with, or otherwise related to, proxy battles or shareholder votes or consent solicitations, including the solicitation of shareholder consents in the July 17 Shareholder Letter.

74. ProLung has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
**(Violations of Section 16 of the Exchange Act against all Defendants)**

75. ProLung repeats and realleges paragraphs 1 through 74 hereof, as if fully set forth herein.

76. Defendants collectively own in excess of ten percent of the outstanding shares of ProLung.

77. Pursuant to Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), defendants are obligated to file an initial report on Form 3 disclosing their ownership and to make timely filings on Form 4 regarding any changes in their share ownership.

78. Defendants have violated Section 16, and the regulations thereunder, by failing to file an initial Form 3.

79. ProLung is entitled to a mandatory injunction directing defendants to comply with Section 16(a) of the Exchange Act.

80. ProLung has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
#### (Trademark Infringement against All Defendants)

81. ProLung repeats and realleges paragraphs 1 through 80 hereof, as if fully set forth herein.

82. Defendants' unauthorized use in commerce of the ProLung Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' commercial solicititations, and is likely to cause consumers to believe, contrary to fact, that Defendants' commercial activities are authorized, endorsed, or sponsored by ProLung, or that Defendants are in some way affiliated with or sponsored by ProLung. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

83. Upon information and belief, Defendants committed the foregoing acts of infringement with full knowledge of ProLung's prior rights in the ProLung Mark and with the willful intent to cause confusion and trade on ProLung's goodwill.

84. Defendants' conduct is causing immediate and irreparable harm and injury to ProLung, and to its goodwill and reputation, and will continue to both damage ProLung and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

85. ProLung is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the

action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

<b><u>FIFTH CLAIM FOR RELIEF</u></b><br>
<b>(Federal Unfair Competition – False Designation of Origin against All Defendants)</b>

86. ProLung repeats and realleges paragraphs 1 through 85 hereof, as if fully set forth herein.

87. Defendants' unauthorized use in commerce of the ProLung Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' commercial solicitations, and is likely to cause consumers to believe, contrary to fact, that Defendants' commercial activities are authorized, endorsed, or sponsored by ProLung, or that Defendants are in some way affiliated with or sponsored by ProLung.

88. Defendants' unauthorized use in commerce of the ProLung Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

89. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

90. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91. Defendants' conduct is causing immediate and irreparable harm and injury to ProLung, and to its goodwill and reputation, and will continue to both damage ProLung and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

92. ProLung is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the

action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

<u>**JURY DEMAND**</u>

ProLung hereby demands a jury as to its claims and all other issues for which jury determination is appropriate.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, ProLung prays for a judgment against Defendants as follows:

1. Enter a temporary restraining order, preliminary and permanent injunction against Defendants, and all persons or entities acting in concert with them, ordering the following:

a) declaring that the July 17 Shareholder Letter violates Section 13(d) of the Exchange Act, SEC Rule 13d-1 and SEC Rule 13d-5;

b) declaring that the July 17 Shareholder Letter violates Section 14(a) of the Exchange Act and SEC Rules 14a-3, 14a-6, and 14a-9;

c) ordering Defendants and other persons or entities acting in concert with them to correct by public means their material misstatements and omissions and to file with the SEC accurate disclosures required by Sections 13(d) and 14(a) of the Exchange Act as well as the accompanying SEC Rules;

d) enjoining Defendants and other persons or entities acting in concert with them from exercising any rights as ProLung stockholders, including their rights to vote or submit shareholder consents, until Defendants and other persons or entities acting in concert with them correct by public means their material misstatements and omissions;

e) enjoining Defendants and other persons or entities acting in concert with them from any trading in ProLung stock until Defendants make an accurate and complete Schedule 13D filings;

f) enjoining Defendants and other persons or entities acting in concert with them from making any additional misstatements or omissions in connection with, or otherwise related to, any future Schedule 13D filings;

g) enjoining Defendants and other persons or entities acting in concert with them from taking any action based on any consents that may have been obtained pursuant to Defendants' current consent solicitations;

h) invalidating and declaring void any consents that Defendants and other persons or entities acting in concert with them may have obtained pursuant to Defendants' current consent solicitation;

i) enjoining Defendants and other persons or entities acting in concert with them from soliciting shareholder consents in connection with the actions described in Defendants' July 17 Shareholder Letter until 60 days after Defendants correct by public means their material misstatements and omissions in their July 17 Shareholder Letter;

j) enjoining Defendants and other persons or entities acting in concert with them from making or disseminating any additional misstatements or omissions in connection with, or otherwise related to, proxy battles or shareholder votes or consent solicitations, including the solicitation of shareholder consents on the actions described in the July 17 Shareholder Letter;

k) ordering Defendants to comply with Section 16(a) of the Exchange Act;

l) ordering Mr. Eror to return control of administrator passwords of ProLung systems.

2. Enjoin Defendants and other persons or entities acting in concert with them from any further trademark infringement and unfair competition, including the cessation of use of the email address "prolunginc@yahoo.com";

3. Award ProLung compensatory damages in connection with the trademark infringement and false designation of origin claims;

4. Award ProLung its costs and disbursements in this action, including reasonable attorneys' and experts' fees; and

5. Grant ProLung such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 31st day of July, 2018.

PARR BROWN GEE & LOVELESS

*Robert S. Clark*
Robert S. Clark
*Attorneys for Plaintiff*